UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY D. GOOSBY, | ) | CASE NO. 4:10CV0745 |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| J.T. SHARTLE, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

   <u>Pro</u> <u>se</u> Petitioner Gregory Goosby filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Goosby is a prisoner at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton). He names F.C.I. Elkton Warden J. T. Shartle as Respondent. Petitioner argues that his possession of a cellular telephone should have been classified as a Code 305 violation rather than a Code 108. He also protests the rejection of his administrative appeal as untimely and seeks the expungement of all charges from his record as appropriate relief.

*Background*

Mr. Goosby alleges a Disciplinary Hearing Officer (DHO) leveled an "unwarranted" charge of violating BOP Code 108, "Possession of a Hazardous Tool," against him. The charge was filed after a cellular telephone was discovered in Petitioner's possession while in prison. He does not deny possession of the telephone, but claims he should have been charged with violating Code 305, "Possession of Anything Unauthorized." He claims the sanction does not comply with the 'letter and intent' of the disciplinary acts, which he alleges is a violation 28 C.F.R. § 531.13.

Although he was placed in "Transfer Segregation" from May 16, 2009 until August 25, 2009, Petitioner avers he mailed an appeal packet to the Central Office on July 23, 2009. He claims he received notice that this packet "was denied by Central Office for the BOP to which such resubmission was filed in compliance with C.R.R. [sic] 28 § 542.14 as a reasonable extension under valid delay." (Pet. at ¶ 6.) He claims he was reasonably delayed because he was placed in "Transfer Segregation." Thus, he believes it was "impossible" for him to "conduct proper or appropriate filing and thus precluding him from Due Process. No other Appeal Process under proceedings of Habeas Corpus have been filed." (Pet. at ¶ 7.)

The remainder of what Mr. Goosby filed in this court are Exhibits. The Incident Report about which Petitioner complains is not included in any of the Exhibits provided.

The legal basis upon which Petitioner relies is Flowers v. New York, 668 F. Supp.2d 574 (S.D. NY 2009). Flowers was a civil rights action brought by an inmate, acting pro se, against the City of New York and a corrections officer, alleging his administrative segregation violated due process and Eighth Amendment. The Southern District Court of New York held that the inmate failed to exhaust the administrative remedies on his claims, and needed to litigate his allegations of

-2-

an ankle injury in state court. Still, Mr. Goosby claims this decision reflects precedent that prisoners denied the right to pursue administrative appeals are entitled to judgment in their favor.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the Petitioner has properly filed his request for habeas relief in this court, as it has personal jurisdiction over his custodian. The substance of his Petition fails, however, as a matter of law.

*Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3rd Cir.1996); Nigro v. Sullivan, 40 F.3d 990, 997 (9th Cir.1994); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986); Engle v. United States, No. 00-6659, 2001 WL 1356205, at *2 (6th Cir. Oct. 25, 2001). In such cases, the petitioner must show cause and prejudice for the failure in order to bring the claim in court. Engle, at 2.

Generally, cause may be established by official interference with a prisoner's ability to complete the administrative process. Id. "[A]n administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it."

McCarthy v. Madigan, 503 U.S. 140 (1992), overruled by statute as stated in Lavista v. Beeler, 195 F.3d 254, 257 (6th Cir.1999). Unlike policy decisions or the interpretation of a statute, the issue over which Petitioner is seeking review has not been predetermined. Therefore, he cannot argue futility based on a predetermination. The issue here is driven by Mr. Goosby's assumption that his administrative appeal was timely "filed" on July 23, 2009.

Petitioner only asserts the Court should find that his July 23, 2009 mailing was timely because he was in Transfer Segregation May 16, 2009 until August 25, 2009. The governing regulation provides:

> (a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.
>
> (b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.
> \*   \*   \*
> (d)Exceptions to initial filing at institution–
> \*   \*   \*
> > (2) DHO appeals. DHO appeals shall be submitted initially to the Regional

> Director for the region where the inmate is currently located.

28 C.F.R. § 542.14. Thus, the regulation provides that the appeal must be "submitted" within 20 days after the determination from which the appeal is taken.

First, Mr. Goosby's Petition fails to disclose the date on which the DHO rendered a decision. Secondly, he fails to explain why he waited until July 25, 2009 to file an appeal when he had already been in Transfer Segregation since May 16, 2009, where he remained until August 25, 2009. Even the case which he asks this Court to consider states:

> Plaintiff does not allege a single fact that would explain why he was unable to exhaust his claim of segregation without a due process hearing for the more than three months that he was held in administrative segregation.
>
> <u>Nor does he allege any fact tending to show that he was unable to exhaust his claim</u> about the medical problems that resulted from his fall in the shower during the month and a half after his accident.
>
> \* \* \*
>
> Therefore, all of plaintiff's claims are dismissed for failure to exhaust administrative remedies

<u>Flowers</u>, 668 F. Supp.2d at 578 (emphasis added). Plaintiff's petition similarly fails. It is not enough to state it was 'impossible' to timely file because he was in Transfer Segregation after he managed to file an appeal during the very time period he claims was 'impossible.' Without more, petitioner has failed to show 'cause' for procedurally defaulting on his claim for relief.

*Conclusion*

Based on the foregoing, Mr. Goosby has procedurally defaulted his claims. Therefore, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          S/Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

October 5, 2010